UNITED STATES DISTRICT COURT FILED MICHAEL J. ROEMER CLERK WESTERN DISTRICT OF NY

In The United States District Court
Of The Western District Of New York
Rochester Division

Devin P. Owens, Pro Se.

Plaintiff,

v.

Unknown Doe, Inc.

Defendant.

Case No. 12 CV 6402T (Fe)

COMPLAINT FOR VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200 et al.

## Summary

This is an action for violation of two Federal statutes that grant private causes of action against telemarketers for various deceptive and undesirable practices. The unknown doe corporation selling 'free' home security systems, whose identity Plaintiff asks the court for a subpoena to Frontier Communications to determine, appears to have violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2) by the use of a recorded solicitation to a home phone, 47 C.F.R. § 64.1601(e)(i) for using a falsified caller ID, 47 C.F.R. § 64.1200(d)(1) for failure to provide a copy of a do not call policy on request, 47 U.S.C. § 227(d)(3)(A) for not providing the name and phone number of a business in the recorded solicitation, and 47 U.S.C. § 227(c)(3)(F) for calling a number on a do not call list database.

## Jurisdiction

The Plaintiff falls within the Court's personal jurisdiction, being a resident of Monroe County. The unknown doe corporation falls within personal jurisdiction as a result of minimum contacts with the Court's jurisdiction, namely the unlawful telephone calls.[1]

*Mims v. Arrow Financial Services*[2] recently affirmed that suits arising under 47 U.S.C. § 227

1 See *Calder v. Jones*, 465 U.S. 783 (1984), *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

may be brought in Federal district courts in the first instance.

## Parties

Plaintiff is a disabled resident of Monroe County, a law student who left school due to an incurable illness some years ago. Largely limited to his home because of his illness, he has become annoyed and finally moved to act by frequent calls from the Defendant and other telemarketers employing recorded solicitations and other unlawful techniques several times every week day. As the individual called by the Defendant, Plaintiff has standing to bring suit to enjoin Defendant's conduct.

Doe, Inc. is an unknown corporation whose identity Plaintiff asks the Court for a subpoena to Plaintiffs phone company (Frontier Communications, Inc.) to establish. While the courts prefer that pseudonyms not be used in complaints because a complaint cannot be served on an unnamed person [3], a pseudonym is acceptable in cases where the Plaintiff has pleaded the actual facts, acts, and omissions done by a person or persons whose name is presently unknown, to be revealed through discovery.[4] That is precisely the situation in this case.

Over the phone employees of Doe, Inc. have identified it as 'Security Services' at a call center in Washington State, and as 'General Electric Security' at an unknown location. There is a match in the Washington State incorporation database for a Security Services, Inc., but it is unclear whether this is the same corporation, since here are many other corporate entities with similar names. The Plaintiff has been unable to locate a corporate entity match for a 'General Electric Security'. The use of a subpoena to trace the falsified phone number should reveal the real legal entity. Plaintiff is aware that discovery is not generally possible before a Rule 26(f)[5] conference; Plaintiff shall motion

---

2 See *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3 For example, see See *Agresta v. City of Philadelphia*, 694 F. Supp. 117, 119 n.1 (E.D. Pa. 1988).

4 See *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

5 *Rule 26(f)(1) Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

the Court for an order under Rule 26(d)(1)[6] permitting the Clerk to sign a subpoena necessary to determine the identity of the Defendant.[7]

## Facts

Doe, Inc. has called the Plaintiff's home number on more than one occasion, most recently the twenty sixth and twenty ninth of June, and the third, thirteenth and twentieth of July as of this writing. On these occasions Doe, Inc. called with a recording claiming to offer a 'free' home security system, one that the Plaintiff suspects they will make money on with surprise fees inflicted upon their 'customers'. Plaintiff has no business relationship with the caller which would permit these calls. Calling with such a recording is therefore an unlawful act under 47 U.S.C. § 227(b)(1)(B)[8] and 47 C.F.R. § 64.1200(a)(2).[9]

---

6 *Rule 26(d)(1) Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

7 Other District Courts have found a balancing act here. On the one hand it can be reasonable to refuse this request in situations where the speech in question reasonably falls under 1st Amendment protection, failing what amounts to surviving a motion for summary judgement under Rule 12(b)(6). This standard, from the Delaware Supreme Court's decision *Doe v. Cahill*, 884 A.2d 451 (2005), has been adopted by a number of Federal District Courts. These cases protected situations of genuine free speech, public speech on bulletin boards and other forums. Private telephone solicitations are far outside Cahill's umbra, being both commercial speech and private in nature. Plaintiff believes his facts readily meet the standard of presenting facts for which relief may be granted, since the methods of speech used by the Defendant – namely recorded messages with falsified caller information – are quite explicitly forbidden by Congress if presumed true for the purposes of a motion to dismiss, and Congress has created an explicit remedy for them in 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

8 47 U.S.C. § 227(b)(1) and (b)(1)(B) - It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

9 47 C.F.R. § 64.1200 Delivery restrictions. - (a) No person or entity may: (1) Initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; (2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party

On every occasion the recording failed to state the business name and phone number of the calling entity, a violation of 47 U.S.C. § 227(d)(3)(A)[10] and 47 C.F.R. § 64.1200(c)(d)(4)[11]

Pressing 1 at an automated prompt brought Plaintiff to a live operator who immediately hung up on Plaintiff when he requested he be sent a copy of the do not call policy, a violation of 47 C.F.R. § 64.1200(d)(1).[12]

On each of the occasions of the calls to Plaintiff's home number Doe, Inc. appears to have falsified its caller ID information to deliberately obfuscate its identity in order to make it more difficult to sue Doe, Inc. for its violations. The Plaintiff determined this by attempting the return call feature, which dials back the declared caller ID, only to find the number invalid. Falsifying a caller ID is unlawful under 47 U.S.C. § 227(e)(1)[13], but also suggests an alarming awareness of the illegality of its acts and a willful attempt to avoid the consequences by deliberately making itself more difficult to trace and sue. As it stands, tracing Doe, Inc. will require a subpoena to the telecommunications provider.

---

10 47 U.S.C. § 227(d)(3)(A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual

11 47 C.F.R. § 64.1200(d)(4) *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

12 47 C.F.R. § 64.1200(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (1) *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

13 47 U.S.C. § 227(e)(1) Prohibition on provision of inaccurate caller identification information (1) In general It shall be unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant to paragraph (3)(B).

On the call on the 3rd of July, Plaintiff managed to reach a representative to question. She identified the company as "Security Services", and stated that they operated out of a call center in Washington State. Plaintiff also requested a copy of the Defendant's Do Not Call policy, which Defendant's employee promised to send to Plaintiff's e-mail address, but which has not been sent, in violation of 47 C.F.R. § 64.1200(d)(1).[14]

Phone records resulting from the subpoena to Plaintiff's telephone company should provide documentation of these repeated calls and the falsification of the caller ID number. Further evidence, particularly of Defendant's likely fraudulent revenue resulting from its misrepresentation of a 'free' security system, is expected to result from discovery once the true identity of the Defendant is determined.

Because 'free' is a misrepresentation in that the Defendant ultimately profits off of the 'free' systems it sells, the call is a solicitation within the meaning of § 277 and Defendant is a seller within the meaning of § 1200.[15] Neither does Defendant appear to be a law enforcement agency or a not-for-profit corporation. As a result the Defendant does not fall within any of the exemptions.

## Cause of Action And Basis For Relief

47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5) offer private rights of action for violations under 227 such as those detailed above. Both grant statutory damages in the minimum amount of $500 per violation, or up to $1500 per violation if there is evidence that the violation is willful. Each rule violated in each call is potentially a violation under the statute, meaning statutory damages can rapidly accumulate over the course of many calls with many violations in each call.

## Analysis of Remedies and Request for Relief

14 See 12.

15 47 C.F.R. § 64.1200 The term *seller* means the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

Plaintiff asks the Court for statutory damages, costs, an injunction forbidding Doe, Inc. from continuing its unlawful practices, and any other relief the Court deems proper.

The current tally for statutory relief stands at 22 violations;

1. One violation for calling a home number with a recorded message on 6/26/12 at 3:58 P.M. (47 U.S.C. § 227(B) and 47 C.F.R. § 64.1200(a)).
2. One violation for using a false 'spoofed' number on that occasion. (47 C.F.R. § 64.1601(e)(i)).
3. One violation for failing to state the entity name and phone number during the recorded solicitation. (47 U.S.C. § 227(d)(3)(A)).
4. One violation for calling a home number with a recorded message on 6/29/12 at 2:50 P.M. (47 U.S.C. § 227(B) and 47 C.F.R. § 64.1200(a)).
5. One violation for using a false 'spoofed' number on that occasion. (47 C.F.R. § 64.1601(e)(i)).
6. One violation for breach of a do not call list on that occasion. (47 U.S.C. § 227(c)(3)(F)).
7. One violation for refusing to send do not call list information on request on that occasion. (47 C.F.R. § 64.1200(d)(1)).
8. One violation for failing to state the entity name and phone number during the recorded solicitation. (47 U.S.C. § 227(d)(3)(A)).
9. One violation for calling a home number with a recorded message on 7/3/12 at 4:47 P.M. (47 U.S.C. § 227(B) and 47 C.F.R. § 64.1200(a)).
10. One violation for using a false 'spoofed' number on that occasion. (47 C.F.R. § 64.1601(e)(i)).
11. One violation for breach of a do not call list on that occasion. (47 U.S.C. § 227(c)(3)(F)).
12. One violation for failure to send do not call list information on request on that occasion. (47 C.F.R. § 64.1200(d)(1)).
13. One violation for failing to state the entity name and phone number during the recorded solicitation. (47 U.S.C. § 227(d)(3)(A)).
14. One violation for calling a home number with a recorded message on 7/13/12 at 4:03 P.M.
15. One violation for using a false 'spoofed' number on that occasion. (47 C.F.R. § 64.1601(e)

(i)).

16. One violation for breach of a do not call list on that occasion. (47 U.S.C. § 227(c)(3)(F)).

17. One violation for failing to state the entity name and phone number during the recorded solicitation. (47 U.S.C. § 227(d)(3)(A)).

18. One violation for calling a home number with a recorded message on 7/20/12 at 12:12 P.M. (47 U.S.C. § 227(B) and 47 C.F.R. § 64.1200(a)).

19. One violation for using a false 'spoofed' number on that occasion. (47 C.F.R. § 64.1601(e)(i)).

20. One violation for breach of a do not call list on that occasion. (47 U.S.C. § 227(c)(3)(F)).

21. One violation for failure to send do not call list information on request on that occasion. (47 C.F.R. § 64.1200(d)(1)).

22. One violation for failing to state the entity name and phone number during the recorded solicitation. (47 U.S.C. § 227(d)(3)(A)).

There is no indication that any of these violations are accidental. Certainly, falsifying a caller ID number to conceal the source of solicitations and using a recorded message to make solicitations are deliberate acts, not accidents. That indicates willful violation, a flagrant disregard for the law. For twenty two willful violations the statutory penalty stands at a total of $33,000, at $1,500 per violation.[16] [17] [18] Given the Defendant's apparent major call center operation, the Defendant likely makes more than that in a day from gullible 'customers' of its 'free' security systems, and the rare

16 47 U.S.C. § 227(b)(3). While $1,500 is the maximum penalty for a willful violation, Plaintiff sees no reason for the Court to decide on a lesser penalty, since $1,500 is already woefully inadequate to deter the sort of orchestrated, systematic violation of the statute that Defendant engages in. It is so small that Defendant can simply pay it and continue on with violations as though it were a cost of doing business, as the rate of someone bringing actual suit for these practices is miniscule compared to the number of times the statute is violated.

17 47 U.S.C. § 227(b)(3) Private right of action A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

18 Because of the Supreme Court's holding in *Mims* (see note 2), § 227(b)(3) has been affirmed to give a Federal cause of action that may be brought in Federal courts as well as State courts.

lawsuits for flagrant disregard of the law are simply a cost of doing business.

As a Pro Se litigant, the Plaintiff is unfortunately ineligible to bring a class action suit seeking statutory damages for every person ever called by the Defendant, which would establish a precedent to other businesses that are deliberately organized as what amounts to profitable scofflaws.

That leaves a civil injunction, which is unfortunately difficult to enforce. An injunction against the corporate entity can be dodged by the owner(s) simply dissolving that corporation and seamlessly continuing the same unlawful practices under a new entity, in the same call centers with the same employees. An injunction against the individuals – owners and members of management – from authorizing or engaging in the unlawful practices may be more effective. Particularly so since an individual may be held in contempt and even imprisoned by judicial order for non-compliance, unlike a corporate entity.

Still, there are difficulties. The businesses the individuals subject to injunction are involved in must be tracked somehow and monitored for the unlawful practices, or else the Plaintiff and the Court will have no way of knowing the practices have resumed and thus be able to apply an order for contempt. An order may require that the named individuals report the names and practices of the businesses it is involved in to the Court and the Plaintiff for some period of years for monitoring. Even that is less than ideal, since self reporting is readily vulnerable to fraud. True monitoring would require somehow random sampling of outgoing calls without the Defendant's knowledge.

Beyond the tiny statutory award and the injunction that is difficult to enforce, there is one other possibility that the Court could opt for to discourage future misconduct by others. As Plaintiff has described, he suspects that discovery will reveal a system of hidden fees that Defendant uses to make its money despite promising that its security systems are free and that its calls are 'not a sales call' as its illegal recording claims.[19] That means Defendant is engaged in a systematic

19 Given that the Defendant owns and employs entire call center(s) of people to make vast numbers of calls promising its 'free' security systems, the Plaintiff hopes the Court finds his inference of a concealed profit motive a reasonable one. There's no such thing as a free lunch, as the proverb goes. The Defendant seems very likely to be profiting off of its solicitations somehow, although how is impossible to determine before discovery.

misrepresentation for the purpose of personal enrichment.

Deliberate misrepresentation with the goal of personal enrichment is of course the definition of fraud.

All States recognize civil fraud, either through common law or statute, and the Court can apply that State law because of its supplementary jurisdiction in otherwise Federal cases. Unfortunately New York State offers a weak civil fraud statute of $50 or actual damages, whichever is greater, with a trebling of damages permitted up to $1,000[20], which is unfortunately inadequate to deal with cases of systematic frauds committed against many people for profit, and Washington[21] has a similarly limited statute[22] awarding actual or trebled damages up to $25,000. Statutes that award little more than actual damages are obviously no help in the goal of deterring attempted fraud.

There is a potentially useful Washington statute for at least defining attempted fraud, though. RCW 19.86.020 makes "...deceptive acts or practices in the conduct of any trade or commerce..." unlawful. 6 RCW 19.86.093 then creates a private right of action on that claim, since the Plaintiff has a reasonable belief based on the available evidence that the deceptive practices of the Defendant have injured other persons or have the capacity to injure other persons.

Federal Courts recognize punitive damages in an action for fraud if the plaintiff can demonstrate reckless or willful behavior.

Rule 9(b) requires that an allegation of fraud be plead with particularity. Particularity in a fraud claim means the who, what, when and where of a claim.[23]

Defendant's unlawful recorded message promises a 'free' security system. Plaintiff believes that this is a lie; discovery will reveal that the Defendant knows that it attaches fees or other

20 N.Y. GBS. LAW § 349.

21 Assuming that Defendant's call center is in fact in Washington, see Page 3.

22 RCW 19.86.090.

23 While not controlling for this Court, *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) is often cited as the illustrative case on this point.

conditions to the 'free' service, which is how it makes it income and affords entire call centers of employees making these unlawful calls as a form of business. Plaintiff has recorded the times of the calls above.[24] Discovery shall reveal the who and where, since the Defendant deliberately acted to conceal its identity and location to make itself difficult to sue.

Defendant's mass deception as a calculated business practice for profit satisfies the misrepresentation for personal gain requirement of tortuous fraud. For punitive damages a showing of apparent willful or reckless conduct is now required.

The Defendant is aware that its 'free' security systems are not actually free, since that is the foundation of its entire business plan. Similarly, the Defendant must know that saying its security systems are 'free' will lure in sales that it would not receive if it were honest about the cost, as that is the only reason to promise free systems. Finally, the Defendant's actions to make itself difficult to find and sue – such as falsifying its return telephone number - indicate that it is aware that its actions are against the law and chooses to do them anyway.

The Plaintiff believes that each of these facts leads to the conclusion that the Defendant is willfully engaging in its deception for financial gain, and with a complete and reckless disregard for its actions being unlawful. That lays the foundation for a finding of punitive damages, in the Court's discretion as to the amount necessary to prevent systematic violation of 47 U.S.C. § 227 by the unfortunately many other corporations out who have made violating this law a business plan, bombarding the Plaintiff and many others with unlawful recorded solicitations from unlawfully falsified numbers.

7/31/12

Signed, Devin P. Owens

18 Foxcroft Trail, Fairport, NY, 14450
Electronic mail at:
DevinPOwens@gmail.com

24 See page 3, line 57.