```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DEVIN P. OWENS,

                                  **DECISION AND ORDER**
                 Plaintiff,    **No. 6:12-CV-6402(MAT)**

               -vs-

UNKNOWN DOES, INC.

               Defendant.
_____

**I.   Introduction**

Proceeding pro se, Devin P. Owens ("Plaintiff") instituted this action on July 31, 2012, citing 28 U.S.C. § 1331 as the basis for jurisdiction, alleging violations of the Federal Communications Act of 1934. Plaintiff asserted that Defendants, certain unidentified telemarketers, violated "47 U.S.C. § 227(b)(l)(B) and 47 C.F.R. § 64.1200(a)(2) by the use of a recorded solicitation to a home phone, 47 C.F.R. § 64.1601(e)(i) for using a falsified caller ID, 47 C.F.R. § 64.1200(d)(l) for failure to provide a copy of a do not call policy on request, 47 U.S.C. § 227(d)(3)(A) for not providing the name and phone number of a business in the recorded solicitation, and 47 U.S.C. § 227(c)(3)(F)." Complaint ("Compl.") at 1 (Dkt #1).

Plaintiff was granted in forma pauperis status on August 23, 2012, and on that same date, was mailed a list of mediators and the Court's Alternative Dispute Resolution Plan. In his motion for

leave to proceed in forma pauperis, Plaintiff requested authorization for a subpoena directed to his telephone company to determine what entity has engaged in the practice of using an automated phone device to solicit him, without his permission, allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. and the regulations thereunder. Plaintiff was permitted submit a subpoena to the Court for issuance. The Court (Larimer, D.J.) notified Plaintiff that once he had ascertained the entity against whom he asserts this action, he "must amend his complaint to identify the proper defendant and have it served." Dkt # at 1.

There was no activity by Plaintiff in this case for over six months; Defendants were not served with process, or at least there exists no affidavit of service of the complaint. In light of Plaintiff's apparent failure to prosecute this action, the Court issued an order on March 20, 2013, directing Plaintiff to show cause (Dkt #5) why the action should not be dismissed.

Plaintiff responded (Dkt #6) to the order to show cause on April 9, 2013, stating that he had not responded "partly due to a personal illness and partly due to a subpoena reply from what the evidence suggests is the defendant's phone service provider that denied any knowledge of defendant's activities or business." Dkt #6 at 1. Plaintiff identified "the defendant" as EngageTel and claims that this company is "an infamous supplier [of] phone services to

call centers that ignore the law. . . ." Id. Also in his response to the order to show cause, Plaintiff moved pursuant to Rule 37 of the Federal Rules of Civil Procedure "to compel a full and accurate response to a subpoena ducas [sic] tecum served on telephone service wholesaler EngageTel." Id.

Plaintiff's response to the order to show cause motion to compel discovery (Dkt # ) indicates that he had identified at least one of the offending parties–EngageTel. However, Plaintiff never amended his complaint to identify EngageTel, or any other entity, as a defendant. He therefore has failed to comply with the explicit terms of Judge Larimer's order. In addition, the Court has never obtained the requisite jurisdiction over any purported Defendants. Since filing his response to the order to show cause, Plaintiff has taken no steps to prosecute this action.

**II. Discussion**

    **A.   Rule 4(c)(1) & (m)**

Under Rule 4(c)(1) of the Federal Rules of Civil Procedure ("F.R.C.P."), the plaintiff is responsible for service of the summons and complaint upon each defendant within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m). Failure to properly serve any defendant in accordance with F.R.C.P. 4 will result in the district court, upon motion or its own initiative, dismissing the case without prejudice as to that defendant. Id. The 120 days contemplated by F.R.C.P. 4(m) has long since passed. Plaintiff has

never sought an extension of time to effectuate service. Typically, dismissal of a defendant due to the plaintiff's failure to effectuate service is without prejudice. See FED. R. CIV. P. 4(m).

**B.   Rule 41(b)**

Under Rule 41(b) of F.R.C.P., a suit may be dismissed for failure to prosecute aor failure to comply with a court order. FED. R. CIV. P. 41(b). Although Rule 41(b) provides a mechanism for a defendant to request dismissal, a district court sua sponte may dismiss an action for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Saylor v. Bastedo, 623 F.2d 230 (2d Cir. 1980). A dismissal pursuant to Rule 41(b) is considered to be an adjudication on the merits, unless the court specifies otherwise. FED. R. CIV. P. 41(b).

Because a Rule 41(b) dismissal is a drastic remedy, the Second Circuit has established five factors a court first must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. Alvarex v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988) (quotation omitted).

Plaintiff is a pro se litigant and, as such, is entitled to special solicitude. See, e.g., Triestman v. Federal Bureau of

Prisons, 470 F.3d 471, 477 (2d Cir. 2006). This "special solicitude" focuses on the construction of pleadings and enforcing compliance with procedural rules, both of which may prove difficult for a litigant untrained in the law. Id. Here, Plaintiff never was notified that his failure to effect service or comply with a court order could result in dismissal of his complaint with prejudice. The Court notes that when Plaintiff was issued the order to show cause, he was notified that his failure to respond could result in the dismissal of his case with prejudice, and he timely responded to the show cause order. However, in Judge Larimer's order directing Plaintiff to amend his complaint once he had identified the defendants, Plaintiff was *not* given notice that his failure to comply with that order, or any other order of the Court, could result in dismissal of his case with prejudice. Given that Rule 41(b) dismissals are unfavored by the Second Circuit except in the most extreme cases, the Court declines to impose this sanction at present.

**III. Conclusion**

Plaintiff's complaint (Dkt #1) is dismissed **without prejudice** for failure to comply with Rule 4(c)(1) and (m) of the Federal Rules of Civil Procedure. The motion to compel (Dkt. #6) is denied as moot.

If Plaintiff refiles his complaint, he is now put on notice that he **must** identify in the caption the company(ies) he wishes to

name as defendant(s). His failure to do so will result in the Court's dismissal, with prejudice, of any refiled complaint attempting to allege the same causes of action alleged herein.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 31, 2014
         Rochester, New York